RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ASSOCIATED PRESS et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSH TEWALT,<br><br>Defendant. | Case No. 1:24-cv-00587-DKG<br><br>**OBJECTION TO REBECCA BOONE'S SECOND DECLARATION**<br>**[Dkt. 16-1 through 16-3]** |

COME NOW Defendant, by and through undersigned counsel, and hereby submits his Objection to Rebecca Boone's Second Declaration as follows:

### INTRODUCTION

In support of their Motion for Preliminary Injunction and in response to Defendant's Motion to Dismiss, Plaintiffs submitted the Second Declaration of Rebecca Boone in Support of

**OBJECTION TO SECOND DECLARATION OF REBECCA BOONE - 1**

Plaintiffs' Motion for Preliminary Injunction and Response to Defendant's Motion to Dismiss ("Ms. Boone's Second Declaration"). (Dkts. 16-1–16-3). Ms. Boone's Second Declaration cannot be considered in the Court's analyses of either motion. Federal Rules 6 required Plaintiffs to submit all affidavits/declarations supporting their Motion for Preliminary Injunction with their moving papers. Because Ms. Boone's Second Declaration was submitted with their reply, it should not be considered when analyzing the motion for preliminary injunction. Defendant's Motion to Dismiss was based on Rule 12(b)(6), which limits the Court's inquiry to the four corners of Plaintiffs' Complaint, and a facial attack under Rule 12(b)(1), which only allows consideration of documents referenced in the Complaint or attached thereto. Ms. Boone's Second Declaration falls outside the scope of Rules 12(b)(6) and 12(b)(1) because it introduces assertions outside the four corners of the Complaint. Accordingly, the Court should not consider Ms. Boone's Second Declaration when deciding any of the pending motions.

## ARGUMENT

1. **Ms. Boone's Second Declaration cannot be considered when analyzing Plaintiffs' Motion for Preliminary Injunction.**

Federal Rule 6(c)(2) provides that "[a]ny affidavit supporting a motion must be served with the motion." And while Federal Rule 6 provides the Court with discretion in the timeframe for accepting a non-movant's affidavits, the rules of statutory construction limit that discretion solely to the non-movant's affidavit. *See, e.g., Hall v. United States Dep't of Agric.*, 984 F.3d 825, 838 (9th Cir. 2020) (discussing nearest-reasonable-referent canon); *Singh v. Garland*, No. 22-577, 2024 WL 1281164, at *5 (9th Cir. Mar. 26, 2024) (Bea, J., concurring in part) (discussing proviso and grammar canons).

Ms. Boone's Second Declaration was submitted in conjunction with Plaintiffs' preliminary injunction reply brief. This is in violation of the mandatory language of Federal Rule 6. Accord-

**OBJECTION TO SECOND DECLARATION OF REBECCA BOONE - 2**

ingly, Ms. Boone's Second Declaration should not be considered when the Court analyzes Plaintiffs' Motion for Preliminary Injunction.

### 2. Ms. Boone's Second Declaration cannot be considered when analyzing Defendant's Motion to Dismiss under Rule 12(b)(6).

As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015). An exception may be made for "extrinsic evidence not attached to the complaint if the document's authenticity is not contested *and* the plaintiff's complaint necessarily relies on it." *Id.* (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (emphasis added)).

Here, Defendant's Motion to Dismiss was based on Plaintiffs' failure to plausibly set forth a claim within the four corners of their pleading. As set forth in Defendant's Motion, Plaintiffs' Complaint fails because IDOC complies with all authorities Plaintiffs base their claim on. The only way, then, that Plaintiffs can prevail is if the Court creates a new constitutional right of access. To do this based on the precedent they rely on, Plaintiffs had to, at minimum, plead a proven history of the access they seek in their Complaint. Plaintiffs did not do this. Because Plaintiffs did not plead a proven history of access in their Complaint, it cannot be said that they relied on or referenced the information in Ms. Boone's Second Declaration. Therefore, Ms. Boone's Second Declaration cannot be considered in the Court's Rule 12(b)(6) analysis because Plaintiffs' Complaint does not necessarily rely on it. *Johnson*, 793 F.3d at 1007.

Plaintiffs also pleaded their claim without any reference to the information in Ms. Boone's Second Declaration. Ms. Boone's Second Declaration concerns information she claims to have learned about hangings on a visit to the Old Idaho Penitentiary. Ms. Boone says that she made these discoveries when she visited the Old Idaho Penitentiary on January 2, 2025. (Dkt. 16-1, ¶ 5). Plaintiffs' Complaint could not rely on this information because they filed their Complaint about

**OBJECTION TO SECOND DECLARATION OF REBECCA BOONE - 3**

one-month beforehand (on December 6, 2024).

Further, the information in Ms. Boone's Second Declaration is directed at hangings. But Plaintiffs' Complaint does not discuss hangings. The only executions Plaintiffs' Complaint discusses are two lethal injections: Mr. Leavitt's in 2012 (Dkt. 1, ¶ 19) and Mr. Creech's attempted execution last year (*id.* ¶ 17).

Plaintiffs' Complaint did not reference Ms. Boone's Second Declaration, reference the materials therein, or rely on the materials in Ms. Boone's Second Declaration. Therefore, Ms. Boone's Second Declaration goes beyond the Court's Rule 12(b)(6) inquiry and should not be considered.

### 3. Ms. Boone's Second Declaration cannot be considered when analyzing Defendant's Motion to Dismiss under Rule 12(b)(1).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Laborers' Intl. Union of N.A., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020) (citations omitted).

Here, Defendant's Motion was a facial attack on Plaintiffs' claim. Defendant's Motion outlines how Plaintiffs' allegations are insufficient to invoke the Court's subject matter jurisdiction on their face. Plaintiffs' Complaint is similar to that involved in *Creech v. Tewalt*, 84 F.4th 777 (9th Cir. 2023), in which the Ninth Circuit denied the plaintiff's claim because he did not point to

a history that would have entitled him to a new First Amendment right of access. *See id.* at 790 ("Creech has not alleged that the processes he seeks access to have historically been open to the public. … Creech points to no comparable history respecting execution information.")

Ms. Boone's Second Declaration cannot be considered in the Court's 12(b)(1) analysis.

## CONCLUSION

The Court should not consider Ms. Boone's Second Declaration when analyzing Plaintiffs' Motion for Preliminary Injunction or Defendant's Motion to Dismiss.

Respectfully submitted this 24th day of January, 2025.

    MOORE ELIA KRAFT & STACEY, LLP

    */s/ Tanner J. Smith*
    Tanner J. Smith
    Attorneys for Defendants

    OFFICE OF THE ATTORNEY GENERAL

    */s/ Kristina M. Schindele*
    Kristina M. Schindele
    Deputy Attorney General
    Attorneys for Defendants

**OBJECTION TO SECOND DECLARATION OF REBECCA BOONE - 5**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 24th day of January, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Wendy Olson<br>Anders Pedersen<br>Stoel Rives, LLP<br>101 S. Capitol Blvd., Ste. 1900<br>Boise, Idaho 38702<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: wendy.olson@stoel.com;<br>anders.pedersen@stoel.com |

                                                           */s/ Tanner J. Smith*
                                                           Tanner J. Smith